HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GENEVA LANGWORTHY,

    Plaintiff,

    v.

SUPERIOR COURT OF WHATCOM COUNTY, *et al*.,

    Defendants.

Case No. 21-cv-01615-RAJ

**ORDER**

## I. INTRODUCTION

This matter comes before the Court on *sua sponte* review of the complaint. The Court will also address several motions made by both parties. Plaintiff moves for appointment of counsel, for relief from providing chamber's copies, and for an extension of time to respond to Defendants' motions to dismiss. Dkt. 22; Dkt. 24; Dkt. 29; Dkt. 39; Dkt. 51. Defendants each move to dismiss the action. Dkt. 34; Dkt. 43; Dkt. 49.

For the reasons below, the Court **DISMISSES** the complaint with prejudice under 28 U.S.C. § 1915. As a result, the Court **DENIES** Defendants' motions to dismiss and Plaintiff's motions for relief as moot. The Court also **DENIES** Plaintiff's motions for counsel.

ORDER – 1

## II.  BACKGROUND

Plaintiff Geneva Langworthy, who is proceeding *in forma pauperis*, has sued various Washington courts based on their alleged failures to provide her reasonable accommodations for mental and physical disabilities. She claims that the Whatcom County Superior Court, the Whatcom County District Court, the Washington Court of Appeals (collectively, the "Washington state courts"), and a senior prosecuting attorney, are liable under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131–12165. Dkt. 1-1.

The underlying allegations in this dispute largely mimic those in *Langworthy v. Whatcom County Superior Court*, 20-CV-01637 (W.D. Wash. 2021). They stem from Langworthy's dispute with the Alternative Humane Society of Bellingham (AHS) over ownership of a dog.[1] She claims to have asked AHS to temporarily foster a dog and alleges that issues arose when AHS refused to give her the dog back. Dkt. 1-3 at 3. Langworthy then filed multiple suits in Whatcom County Superior Court regarding ownership. *Id.* The individuals associated with AHS responded by filing anti-harassment actions against Langworthy in Whatcom County District Court. *Id.*

The Washington courts issued several anti-harassment orders against Langworthy related to the AHS matter. *Id.* She alleges that these anti-harassment orders were issued without due process. *Id.* As part of seeking relief, Langworthy requested reasonable disability accommodations, including the appointment of counsel under Washington State General Rule (GR) 33. *Id.* at 8. She claims that the Washington state courts wrongly denied her accommodation requests. Dkt. 1-1. Separately, Langworthy also accuses the Whatcom County prosecuting attorney of "collaborating with the Opposition attorney" while advising the courts to deny her disability accommodation. *Id.*

---

[1] Langworthy attaches a document entitled "Statement of the Case," which the Court considers as part of her complaint. Dkt. # 1-3. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (explaining that under Federal Rule of Civil Procedure 10(c), "written instruments attached to pleadings may be considered part of the pleading").

ORDER – 2

### III.  DISCUSSION

Because Langworthy is proceeding *in forma pauperis*, her complaint is subject to *sua sponte* review. *See* 28 U.S.C. § 1915(e)(2)(B). The complaint must be dismissed if it "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii). A complaint fails to state a claim if it "does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). The court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). Even as to *pro se* complaints, "unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court has screened Langworthy's complaint under 28 U.S.C. § 1915(e)(2)(B) and concludes that it must be dismissed for the reasons below.

**A.   Claims against the Washington courts**

The *Rooker–Feldman* doctrine bars Langworthy's claims against the Washington courts. It prevents litigants from bringing claims against state courts for denials of reasonable accommodations when the denial is made by court order. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92 (2005); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 486 (1983); 28 U.S.C. § 1257. "[N]o matter how wrong a state court judgment may be under federal law, only the Supreme Court of the United States has jurisdiction to review it." *Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016). District courts within the Ninth Circuit have specifically stated that they will "not weigh in on whether GR 33 was properly applied" in denial of counsel cases. *Iceberg v. King Cnty. Super. Ct.*, 2021 WL 391615, slip op. at 4 (W.D. Wash. Feb. 4, 2021) (dismissing an ADA claim based on a state judge's

ORDER – 3

denial of plaintiff's request for the appointment of counsel as an accommodation under GR 33); *Langworthy v. Whatcom County Superior Court*, 2021 WL 1788391 (W.D. Wash. May 5, 2021) (same); *Winchester v. Yakima Cnty. Super. Ct.*, 2011 WL 133017, slip op. at 1 (E.D. Wash. Jan. 14, 2011) (same).

Based on this precedent, Langworthy's claims against the Washington courts are barred by *Rooker–Feldman*. This Court does not have jurisdiction to review the state courts' decisions about what accommodations the ADA requires and therefore **DISMISSES** Langworthy's claims against the Washington courts without leave to amend.

### B.  Claims against prosecuting attorney

Any claims against the Whatcom County prosecuting attorney must also be dismissed. Rule 8 requires plaintiffs to include enough facts "to raise a right to relief above a speculative level." *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Langworthy's complaint only alleges that the prosecuting attorney "retaliated and interfered with [her] civil rights by collaborating with a private attorney opposing the [Langworthy], while *ex parte* advising the court to deny disability accommodation." Dkt. 1-1 at 3. Even taking Plaintiff's *pro se* status into account, the allegations against the Whatcom County prosecuting attorney fall well short of stating a claim for relief.

The Court also notes that a prosecutor is entitled to absolute immunity for acts taken "in preparing for the initiation of judicial proceedings or for trial, and which occur in his role as an advocate for the State." *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997). This immunity extends to actions during both the pre-trial and posttrial phases of a case. *See Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984). All the conduct at issue here falls within a quasi-judicial or judicial capacity. *See* Dkt. 1-1. Therefore, the Court **DISMISSES** this claim with prejudice.

### C.  Motions for appointment of counsel

Langworthy moves for the appointment of counsel. Generally, a person has no right to counsel in civil actions. *See Palmer v. Valdez*, 560 F.3d 965, 969 (9th Cir. 2009);

ORDER – 4

*Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Palmer*, 560 F.3d at 969; *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, courts must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these considerations is dispositive and instead must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Langworthy has not established that "exceptional circumstances" exist. In her motions for appointment of counsel, she argues that the court should appoint counsel because she cannot find other sources of funding for an attorney. Dkt. 22 at 2; Dkt. 29 at 2. This is not enough to appoint counsel. Her motion fails to show, in light of the complexity of the legal issues involved, that she is unable to articulate her claims pro se. Additionally, at this phase of the proceeding, the Court concludes that she is unlikely to succeed on the merits of her case. Her motions are **DENIED**. Dkt. 22; Dkt. 29.

## IV.  CONCLUSION

For the reasons stated above, the Court **DISMISSES** the complaint with prejudice under 28 U.S.C. § 1915. As a result, the Court **DENIES** Defendants' motions to dismiss and Plaintiff's motions as moot. Dkt. 24; Dkt. 32; Dkt. 34; Dkt. 39; Dkt. 43; Dkt. 49; Dkt. 51. The Court also **DENIES** Plaintiff's motions for counsel. Dkt. 22; Dkt. 29. The clerk is directed to close this case.

DATED this 19th day of May, 2022.

The Honorable Richard A. Jones
United States District Judge

ORDER – 5